**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Char Phar Investments, LLC

**Case No.:** 20-11992 - B - 11

**Docket Control No.** WLC-9
**Date:** 04/27/2021
**Time:** 9:30 AM

**Matter:** [174] - Motion/Application for Compensation [WLC-9] for Sheryl A. Strain, Accountant(s) Filed by Accountant Sheryl A. Strain (bsof)

**Judge:** René Lastreto II
**Courtroom Deputy:** Carina Weed
**Reporter:** Not Recorded
**Department:** B

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**


Motion Granted, Resolved without Oral Argument


The Moving Party shall submit a proposed order in conformance with the ruling below.

This motion was set for hearing on 28 days' notice as required by Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of the creditors, the debtor, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. *See Boone v. Burk (In re Eliapo)*, 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest were entered and the matter was resolved without oral argument. Upon default, factual allegations will be taken as true

(except those relating to amounts of damages). *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Constitutional due process requires that a plaintiff make a *prima facie* showing that they are entitled to the relief sought, which the movant has done here.

Sheryl A. Strain ("Movant"), the certified public accountant of debtor-in-possession Char Phar Investments, LLC ("DIP"), requests interim fees of $8,652.00 and costs of $0.00 for services rendered from December 1, 2020 through March 5, 2021. Doc. #174. No party in interest timely filed written opposition.

The motion was GRANTED.

Movant's employment as an accountant was authorized pursuant to 11 U.S.C. §§ 327, 330, and 331 on August 17, 2020, effective as to services rendered on or after May 13, 2020. Doc. #103; *see also* WLC-3. The order further stated that no compensation was permitted except upon court order under § 330(a) and compensation would be at the "lodestar rate" for accounting services applicable at the time services are rendered in accordance with *In re Manoa Fin. Co.*, 853 F.2d 687 (9th Cir. 1988). *Id.* Interim compensation under § 331 was permitted if the combined fees and expenses exceeded $5,000.00. *Id.* This Movant's third interim fee application having previously been approved to receive: (a) $11,872.00 on October 20, 2020; (b) $6,356.00 on January 25, 2021. *See* WLC-7; WLC-8.

Movant indicates that she spent 30.90 billable hours at a rate of $280.00 per hour, resulting in $8,652.00 in fees for accountant services. Doc. #177, Ex. A. Movant did not request reimbursement for any expenses.

Ravinderpaul S. Tut, DIP's representative, filed a declaration stating that he reviewed the fee application and has no objections. Doc. #178.

11 U.S.C. § 330(a)(1)(A) & (B) permits approval of "reasonable compensation for actual necessary services rendered by . . .[a] professional person" and "reimbursement for actual, necessary expenses." Movant's services included, without limitation: (1) providing accounting services to the DIP; (2) preparing the November, December, and January Monthly Operating Reports; (3) reviewing paycheck reports to locate payroll tax deposits; (4) preparing budgets and analyzing the budget compared to actual expenditures. Docs. #176; #177, Ex. A. The court finds the services reasonable and necessary.

The motion was GRANTED. Movant was awarded $8,652.00 in fees on an interim basis under 11 U.S.C. § 331, subject to final review pursuant to 11 U.S.C. § 330.